# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK KIM PATTERSON,**
        **Petitioner,**

    **v.**                                              **Case No. 07-C-684**

**RICARDO MARTINEZ,**
        **Respondent.**

## DECISION AND ORDER

On July 25, 2007, Derrick Kim Patterson filed this petition pursuant to 28 U.S.C. § 2241. Petitioner was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Petitioner is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin.

## II. RULE FOUR SCREENING

Rule 1(b) of the Rules Governing § 2254 Cases authorizes me to apply those Rules to a case brought under § 2241. Thus, pursuant to Rule 4 of the Rules Governing § 2254 Cases, I may give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims.

Petitioner filed his petition under § 2241 because the time for filing a motion under 28 U.S.C. § 2255 in the District of Minnesota[1] had expired; therefore, § 2255 was not available to him as a means of testing the legality of his conviction. 28 U.S.C. § 2255, ¶ 7. Section 2255 provides the exclusive means for a federal prisoner to challenge the legality of his detention, except in cases where a motion brought under the section would be inadequate or ineffective for that purpose. Collins v. Holinka, ___ F.3d ___, 2007 WL 4387282, *1 (7th Cir. 2007). Federal courts have interpreted this language as allowing a federal prisoner to bring a § 2241 petition challenging the legality of the conviction under narrow circumstances where a § 2255 motion is not a viable option. See In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998) (allowing federal prisoner to bring a petition under § 2241 where prisoner argues "actual innocence," the grounds asserted were not available to him at the time of filing of his initial § 2255 motion, and any new § 2255 motion would be second or successive and therefore not viable).

In this case, petitioner does not assert that § 2255 is an inadequate or ineffective remedy for any reason other than that the one year period of limitation for filing a motion under § 2255 had expired. His petition does not claim the existence of any new evidence nor suggest any circumstance outside his control that prevented him from filing a timely § 2255 motion; nor does his petition assert a claim of actual innocence. Rather, it appears that petitioner is attempting merely to avoid the consequences of failing to bring a § 2255 motion within the period of limitation by filing his petition under § 2241.

This situation does not involve the circumstances Congress contemplated by the use of the "escape hatch" language. Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002). The

---

[1] 28 U.S.C. § 2255, ¶ 1 mandates that such a motion be filed in the district wherein petitioner was sentenced, in this case the District of Minnesota.

2

fact that petitioner forfeited his opportunity to bring a § 2255 motion in a timely manner does not render that provision inadequate or ineffective. To so hold would render the one year period of limitation in § 2255 a complete nullity, allowing federal prisoners to circumvent the limitation with a § 2241 petition. Thus, as it otherwise appears that petitioner either "failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief," I may not entertain his application for a writ of habeas corpus. 28 U.S.C. § 2255, ¶ 6.

**Therefore,**

**IT IS ORDERED** that this petition is **SUMMARILY DISMISSED**.

Dated at Milwaukee, Wisconsin this 14 day of January, 2008.

/s
LYNN ADELMAN
District Judge